UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENT ALLEN,

                Plaintiff,

-against-

MARK ZUCKERBERG,

                Defendant.

21-CV-4699 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the diversity of citizenship statute, 28 U.S.C. § 1332, as the basis for this Court's jurisdiction. Plaintiff alleges that he developed the idea of the social media site Facebook, and he seeks compensation and credit for his alleged creation. By order dated May 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    Because of Plaintiff's repeated filing of similar suits with implausible allegations and meritless claims, the Court, in *Allen v. Almanzar*, ECF 1:21-CV-3838 (LTS) (S.D.N.Y. May 17, 2021) (ECF 4), has directed Plaintiff to show cause why he should not be enjoined from filing any further actions in this Court IFP without first obtaining permission from this Court to do so.

    For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim and as frivolous.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are taken from Plaintiff Kent Allen's complaint: In 1991, when Plaintiff was six years old, he was a "music entertainer in California." (ECF 1 at 7.) He "had many friends and was a famed artist." (Id.) Plaintiff frequently chatted with Mark Zuckerberg, whom Plaintiff alleges is a cousin of his on his mother's side.

Plaintiff and Zuckerberg spoke on the phone and both believed that "technology . . . was the way of the future." (Id.) They knew that kids "liked to socialize . . . via chat rooms." (Id.) While Plaintiff and Zuckerberg were together, Plaintiff "thought of the perfect name for a social media site." (Id.) Plaintiff also had the idea of using a profile picture of each user's face. (Id. at 6-7.) Plaintiff "wanted to use the FACE and BOOK part [and] when you put it together you have FACEBOOK," and he contends that "this is how FACEBOOK started." (Id. at 6.) Plaintiff seeks $59 million in damages.

## DISCUSSION

**A.     Failure to State a Claim**

The Court construes Plaintiff's allegations that he had the idea for the social media site Facebook as seeking relief for copyright infringement. As the Court has repeatedly explained to Plaintiff in response to his prior suits, the Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

However, "copyright does not protect an idea, but only the expression of an idea." *Richard J. Zitz, Inc. v. Pereira*, 225 F.3d 646 (2d Cir. 2000) (citing *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any software or other tangible expression of his ideas or that he holds any copyright. The Court therefore dismisses the complaint for failure to state a claim upon which relief may be granted.

**B.      Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011)

3

(finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's claim that he created the idea of Facebook when he was six years old is wholly implausible, particularly in light of claims Plaintiff has advanced in his numerous other complaints. *See Allen*, ECF 1:21-CV-3838 (ECF 4) (collecting cases). Thus, the Court also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because the Court concludes that granting leave to amend would be futile, the Court declines to do so.

## CONCLUSION

Plaintiff's complaint, brought IFP under 28 U.S.C. § 1915(b), is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and as frivolous, § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   June 1, 2021
            New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge